949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Waldo JONES, Petitioner-Appellant,
v.
Raymond ROBERTS and Attorney General of the State of Kansas,
Respondents-Appellees.
 No. 91-3176.
 United States Court of Appeals, Tenth Circuit.
 Nov. 27, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denying a certificate of probable cause and leave to proceed on appeal in forma pauperis. On appeal, Petitioner argues (1) the jury foreman was acquainted with him and biased towards him; (2) his trial counsel was ineffective; and (3) the district court erred in dismissing his habeas petition without properly developing the record, presumably by way of an evidentiary hearing.[1] We affirm.
 
 
 3
 Petitioner was convicted of one count of aggravated burglary and one count of attempted rape. His convictions were affirmed on direct appeal. After unsuccessfully pursuing a state collateral action in which he argued essentially the same issues he raises here, he filed this petition for a writ of habeas corpus.
 
 
 4
 The district court dismissed petitioner's juror bias claim on the ground that "[t]here is no evidence to support petitioner's bald assertion of bias on the part of [the] juror, and the court will not infer constitutional error solely on the basis of petitioner's claim." Memorandum and Order at 5. We affirm, with the following additional comments.
 
 
 5
 Petitioner's juror bias claim arises out of the fact that one juror, Steven Davies, was employed at the Kansas State Industrial Reformatory in Hutchinson, Kansas during the time that petitioner was previously incarcerated there. Petitioner alleges juror Davies had once restrained him during an altercation. During voir dire juror Davies apparently denied any acquaintance with petitioner.
 
 
 6
 " 'A party who seeks a new trial because of non-disclosure by a juror during voir dire must show actual bias' either 'by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed.' " Burton v. Johnson, --- F.2d ---- (10th Cir.1991) (citations omitted). Petitioner has not presented evidence of actual bias, nor has he proved "specific facts" sufficient to warrant a presumption of prejudice.
 
 
 7
 Petitioner suggests that an evidentiary hearing before the federal district court would provide him with the opportunity to prove his claim of juror bias. " 'The remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias.' " Burton v. Johnson, --- F.2d at ---- (quoting Smith v. Phillips, 455 U.S. 209, 215 (1982)). Petitioner argued juror bias in his state collateral proceeding. An evidentiary hearing was scheduled, but petitioner presented only one documentary exhibit which showed that while petitioner was serving a sentence on a previous conviction in the Hutchinson facility, juror Davies was the Superintendent of Education. Petitioner declined to present any other evidence or testimony. The state court dismissed his collateral attack.
 
 
 8
 A district court has discretion to deny a hearing on a habeas petition. See Rule 8(a) of the Rules Governing 28 U.S.C. § 2254 Proceedings. Where, however, "the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." Townsend v. Sain, 372 U.S. 293, 312 (1963). Here, petitioner was given an opportunity to develop facts supporting his allegation of juror bias, but he declined to do so. We cannot say that the district court erred in refusing to hold an evidentiary hearing on petitioner's claim of juror bias.
 
 
 9
 Petitioner's objection to respondent's decision not to file a responsive brief is OVERRULED. Petitioner's application for a certificate of probable cause, and motion for leave to proceed on appeal without prepayment of costs, are GRANTED.
 
 
 10
 We AFFIRM the dismissal of petitioner's claim of ineffective assistance of counsel for substantially the reasons set forth in the district court opinion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 He asserted several additional issues in the district court, and listed them in his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees and his Application for Certificate of Probable Cause, but he did not pursue them in his brief on appeal. Were we to address those additional issues, we would affirm them for the reasons set forth in the district court's opinion